IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

PANKAJ GAJANAN JOSHI,

      Petitioner,

v.                                                    Civil Action No. 3:26CV643

JEFFREY CRAWFORD, *et al.*,

      Respondents.

## MEMORANDUM OPINION

Pankaj Gajanan Joshi, a federal immigration detainee currently being held in the Farmville Detention Center ("Farmville"), proceeding *pro se*, submitted a 28 U.S.C. § 2241 Petition (" the § 2241 Petition," ECF No. 1).[1] Petitioner challenges his detention by Immigration and Customs Enforcement ("ICE"). Respondents have filed an Opposition. (ECF No. 5.) Petitioner filed supplemental documents and information. (ECF Nos. 6, 7.) For the reasons set forth below, the § 2241 Petition will be dismissed as moot.

---

[1] The statute provides, in pertinent part:

(c) The writ of habeas corpus shall not extend to a prisoner unless—

(1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or

(2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or

(3) He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(1)–(3).

## I.  Factual and Procedural History

### A.  Factual Background

Petitioner is a native and citizen of India.  (ECF No. 5, at 1.)[2]  Petitioner states that he

first came to the United States in 2015 on a J1 visa for an internship and departed in 2016 before

the visa expired.  (ECF No. 1, at 7.)  Petitioner returned to the United States on January 29, 2018

and has lived here since that time.  (ECF No. 1, at 7.)  He asserts that he arrived on a B2 visa and

overstayed.  (ECF No. 6, at 1.)  Petitioner married a U.S. citizen on January 16, 2026.  (ECF

No. 6, at 1; ECF No. 6-1, at 1–3.)  Petitioner's wife depends on him due to her medical issues

and financial situation.  (ECF No. 6, at 1.)

### B.  Procedural Background

On July 9, 2026, the Court received Petitioner's § 2241 Petition for a writ of habeas

corpus pursuant to 28 U.S.C. § 2241.  (ECF No. 1.)  In his § 2241 Petition, Petitioner states that

he was taken into immigration custody on June 3, 2026.  (ECF No. 1, at 5.)  Petitioner asks the

Court "to order [his] direct release from ICE custody or, in the alterative, to order a fair bond

hearing."  (ECF No. 1, at 8.)

On July 17, 2026, the Court ordered Respondents to either file a Notice indicating that

the factual and legal issues presented in the § 2241 Petition do not differ in any material fashion

from those presented in *Duarte Escobar v. Perry, et al.*, 3:25-cv-758 (E.D. Va.), or an

Opposition to the § 2241 Petition discussing the material differences between *Duarte Escobar*

and the § 2241 Petition.  (ECF No. 4, at 1.)  On July 24, 2026, Respondents filed their

Opposition arguing that material differences exist from *Duarte Escobar*.  (ECF No. 5.)  They

assert that an Immigration Judge issued an order of removal on July 23, 2026, and that Petitioner

---

[2] The Court employs the pagination assigned by the CM/ECF docketing system.

waived appeal.  (ECF No. 5, at 1 (citing [ECF No. 5-1]) (showing that Petitioner waived appeal).)  Respondents argue that Petitioner is now subject to a final order of removal and the § 2241 Petition should be dismissed.  (ECF No. 5, at 1–2.)  On July 30, 2026, Petitioner filed supplemental documents regarding Petitioner's factual background, including a letter signed by his wife, their marriage registration form, their marriage certificate, and documentation of his wife's medical issues.  (ECF Nos. 6, 6-1.)  Petitioner asks the Court to consider his wife's medical and financial needs, the plea in his criminal case, and his history of nonviolence.  (ECF No. 6, at 1–2.)  On August 3, 2026, Petitioner filed supplemental information regarding proceedings before the Immigration Court.  (ECF No. 7.)  Petitioner asserts that he has twice requested a bond hearing before the Immigration Court and was told that his request would be considered in the event the § 2241 Petition is denied.  (ECF No. 7, at 1.)

Based on Respondents' arguments, it is appropriate to review the § 2241 Petition under Federal Rule of Civil Procedure 12(b)(1).

## II.  Standard of Review

In a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenging the Court's subject matter jurisdiction, the burden rests with the petitioner, as the party asserting jurisdiction, to prove that federal jurisdiction is proper.  *See Int'l Longshoremen's Ass'n v. Va. Int'l Terminals, Inc.*, 914 F. Supp. 1335, 1338 (E.D. Va. 1996) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)).  A motion to dismiss pursuant to Rule 12(b)(1) can attack subject matter jurisdiction in two ways.  First, a Rule 12(b)(1) motion may attack the petition on its face, asserting that the petition fails to state a claim upon which subject matter jurisdiction can lie.  *See id.* (citing *Adams*, 697 F.2d at 1219).

3

Alternatively, a Rule 12(b)(1) motion may challenge the existence of subject matter jurisdiction in fact, apart from the pleadings. *See Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991); *Int'l Longshoremen's Ass'n*, 914 F. Supp. at 1338; *see also Adams*, 697 F.2d at 1219. In such a case, "the district court may then go beyond the allegations of the [petition] and resolve the jurisdictional facts in dispute by considering evidence outside the pleadings, such as affidavits." *United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 348 (4th Cir. 2009) (citations omitted). Consideration of evidence outside of the pleadings on a Rule 12(b)(1) motion does not necessarily convert the motion to one for summary judgment. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999) (citation omitted); *McBurney v. Cuccinelli*, 616 F.3d 393, 409 (4th Cir. 2010) (Agee, J., concurring in part and dissenting in part) (discussing that motions under Rule 12(b)(1) are not restricted by Rule 12(d)). However, "[t]he district court should grant the Rule 12(b)(1) motion to dismiss 'only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law.'" *Evans*, 166 F.3d at 647 (citation omitted).

The Court must dismiss an action if it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

### III. Analysis

Article III of the Constitution limits the scope of federal court jurisdiction to "cases" and "controversies." U.S. Const. art. III, § 2. "[R]ipeness, along with standing, mootness, and political question," are "doctrines that cluster about Article III" of the United States Constitution. *S.C. Citizens for Life, Inc. v. Krawcheck*, 301 F. App'x 218, 220 (4th Cir. 2008) (quoting *Allen v. Wright*, 468 U.S. 737, 750 (1984)). With respect to mootness, "a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."

4

*Powell v. McCormack*, 395 U.S. 486, 496 (1969) (citation omitted).  Further, "[i]f intervening factual or legal events effectively dispel the case or controversy during pendency of the suit, [a] federal court[] [is] powerless to decide the questions presented." *Ross v. Reed*, 719 F.2d 689, 693–94 (4th Cir. 1983).

Here, the basis for Petitioner's detention changed during the pendency of his § 2241 Petition.  On July 23, 2026, the Immigration Judge issued an order of removal and Petitioner waived appeal.  (ECF No. 5-1, at 1–2.)  Thus, Petitioner is now subject to a Final Order of Removal and is now detained pursuant to 8 U.S.C. § 1231.  "Under § 1231, upon the issuance of a final order of removal to an alien, the alien shall be removed 'within a period of 90 days.'  The alien '*shall*' be detained during the removal period." *Banoub v. Crawford*, 819 F. Supp. 3d 477, 486 (E.D. Va. 2025) (footnote omitted) (quoting 8 U.S.C. § 1231(a)(1)(A)).

For the foreseeable future, Petitioner's detention is mandatory.  *See id.*  This change in the statutory provision that governs Petitioner's detention renders his § 2241 Petition moot.  *See Doe v. Perry*, No. 1:21-cv-01364-MSN-IDD, 2022 WL 1837923, at *2 (E.D. Va. Jan. 31, 2022) ("Petitioner concedes that his request for a bond hearing became moot after the issuance of an administratively final removal order.").

### V.  Conclusion

Accordingly, Petitioner's § 2241 Petition will be DISMISSED AS MOOT.

An appropriate order shall accompany this Memorandum Opinion.

Date: 8/12/26
Richmond, Virginia

_____ /s/
M. Hannah Lauck
Chief United States District Judge

5